UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD SATISH EMRIT,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-724** |
| **INTERNATIONAL COURT OF JUSTICE IN HAGUE, NETHERLANDS, ET AL.,**<br>    **Defendants** | **SECTION: "E" (5)** |

**ORDER AND REASONS**

On April 11, 2025, Plaintiff, "Presidential Candidate Number P 60005535 'also known as' (aka) Ronald Satish Emrit, & Presidential Committee/Political Action Committee/Separate Segregated Fund Number C00569897 d/b/a United Emrits of America" filed five complaints in the United States District Court for the Eastern District of Louisiana.[1] Plaintiff already has two cases pending in this Court that were filed earlier this year,[2] and filed at least six cases in this Court within the last two years, which were either transferred to other federal district courts[3] or dismissed for lack of subject matter jurisdiction.[4]

In the seven complaints filed in this Court this year, Plaintiff sues different parties, including a wide range of federal agencies, foreign entities, and government officials. Included as defendants are Elon Musk, Speaker of the House Mike Johnson, the

---

[1] *See* Civ. A. No. 25-720-WBV-KWR, *Emrit v. Trademark Office (USPTO), et al.*; Civ. A. No. 25-721-NJB-DPC, *Emrit v. Cobb Gonzalez Law Firm, et al.*; Civ. A. No. 25-722-NJB-EJD, *Emrit v. World Intellectual Property Organization (WIPO), et al.*; Civ. A. No. 25-723-LMA-MBN, *Emrit v. Federal Reserve Bank, et al.*; Civ. A. No. 25-724-SM-MBN, *Emrit v. International Court of Justice in Hague, Netherlands, et al.*
[2] *See* Civ. A. No. 25-96-JCZ-KWR, *Emrit, et al. v. Musk, et al.* and Civ. A. No. 25-271-NBJ-DPC, *Emrit v. Musk, et al.*
[3] *See* Civ. A. No. 23-942-BWA-MBN, *Emrit v. University of Miami School of Law, et al.*, Civ. A. No. 23-943-LMA-DPC, *Emrit v. Pratt, et al.*, Civ. A. No. 23-1208-CJB-JVM, *Emrit v. Jules*, Civ. A. No. 23-1219-JTM-DPC, *Emrit v. Florida Department of Law Enforcement, et al.*, & Civ. A. No. 23-3284-GGG-JVM, *Emrit v. The Grammy Awards*.
[4] *See* Civ. A. No. *See* Civ. A. No. 24-372-SSV-KWR, *Emrit v. Combs, et al.*

1

Department of Government Efficiency, Vivek Ramaswamy, the International Monetary Fund, the European Union, the European Economic Community, the Federal Reserve Bank, the Bureau of Engraving and Printing, the International Court of Justice in Hague, Netherlands, the United Nations, the World Trade Organization, and the United States Embassy of Poland.

In the instant case, Plaintiff asserts claims for tortious interference with contract and tortious interference with business relations and names as Defendants the International Court of Justice in Hague, Netherlands; the United Nations; the World Trade Organization; the Council on Foreign Relations; the World Health Organization; The Trilateral Commission; United States Embassy of Poland; and the Embassy of Poland in the United States.[5] Plaintiff contends that this Court has both diversity jurisdiction and federal question jurisdiction over his claims.[6] Regarding diversity jurisdiction, Plaintiff advises that he is a resident of Florida and Maryland, but makes no mention of the citizenship of any defendant.[7] As to the Court's federal question jurisdiction, Plaintiff advises that the proceeding "involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause."[8]

In his "Statement of Facts," Plaintiff alleges that he "has been trying to obtain a fiancé visa or political asylum for his fiancé [Maria Cherniavska] from Kharkiv, Ukraine."[9]

---

[5] R. Doc. 1.
[6] *Id.* at ¶ III.
[7] *Id.* at ¶ II. Plaintiff provides addresses for each of the defendants, none of which is located in Louisiana. *Id.*
[8] *Id.* at ¶ III.20. The Court notes that the only cases in which Plaintiff asserts violations of these federal provisions are Civ. A. No. 25-96-JCZ-KWR, *Emrit, et al. v. Musk, et al.* and Civ. A. No. 25-271-NBJ-DPC, *Emrit v. Musk, et al.* Plaintiff does not allege any violations of these provisions in this matter.
[9] *Id.* at ¶ IV.

Plaintiff alleges he wired "approximately 300 Euros" to his fiancé "through WISE and also through Western Union."[10] Plaintiff alleges:

> 6.) Because the plaintiff is now relying on a "Catholic Miracle" to bring his fiance Maria Chemoavska to the United States, the plaintiff would like to point out that Maria Chemiavska of Kharkiv, Ukraine and Warsaw, Poland has some type of paranormal connection to Morgan Harrington (MH) of Charlottesville, VA (UFO), Helen Mirren, Dr. helen Matsos of NASA Astrobiology Program, and the Horsehead Nebula (HN) connected to Headline News, Boar's Head subs, Publix submarine sandwiches, SUBWAY restaurant chain, and the intersection of Lockwood Ridge and SR-70 in Braden River, Florida (Manatee County) connected to Lockheed Martin SR-71 Blackbird and the Mothman (Chief Cornstalk) of Point Pleasant, West Virginia in addition to Loch Ness Monster (LM) roller coaster at Busch Gardens in Williamsburg, VA . . . .
>
> 24.) The plaintiff believes that the Haunted Mansion (HM) at Disney World in Orlando, Florida is connected to Dr. helen Matos of NASA Astrobiology Program to whom the plaintiff sent emails at helen.c.matsos@nasa.gov.[11]

Plaintiff proceeds to describe other litigation he is involved in, and he references various movies and TV shows with links.[12]

In his "Prayer for Relief," Plaintiff seeks "punitive, compensatory, and treble damages in the approximate amount of $500 billion against the 6 governmental defendants," that the defendants provide his fiancé Maria Cherniavska with a fiancé visa and an airline ticket "to visit the plaintiff and stay with him permanently perhaps in housing provided by a local Public Housing Authority," that the Court issue an injunction requiring a court-appointed immigration attorney to complete immigration documents for Plaintiff and his fiancé, and that the US Embassy in Warsaw award his fiancé political asylum and contact her via Whatsapp, amongst other forms of relief.[13]

---

[10] *Id.*
[11] *Id.* at pp. 5-6.
[12] *Id.* at pp. 7-8.
[13] Id. at pp. 9-12.

Plaintiff has also filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[14] Proceeding *in forma pauperis* is a privilege, not a right and permission to so proceed is committed to the sound discretion of the court.[15] "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."[16] The Supreme Court has explained that, "[t]o prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'"[17] "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[18] Courts have a duty to screen initial filings to independently assess the merits of a complaint filed by a litigant requesting to proceed *in forma pauperis* and to dismiss claims as frivolous that have no arguable basis in law or fact.[19] A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."[20] A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."[21] According to the Fifth Circuit, "[a]n IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under §

---

[14] R. Doc. 2.
[15] *Gomez v. U.S.*, 245 F.2d 3446, 347 (5th Cir. 1957).
[16] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).
[17] *Id.* (*quoting* 28 U.S.C. § 1915(d)).
[18] *Neitzke*, 490 U.S. at 327.
[19] *Id.* at 324–25.
[20] *Id.* at 327.
[21] *Id.*

1915(d)."[22]  Section 1915(e) further provides, in pertinent part, that, "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted."[23]

As alleged, Plaintiff's Complaint is incoherent, at best, and more appropriately considered "entirely fanciful" or delusional.[24]  Viewing the factual allegations of the Complaint that are coherent liberally and in the light most favorable to Plaintiff, as the Court is required to do,[25] the Court finds that Plaintiff fails to state claims for relief. It is unclear how Plaintiff's allegations regarding his fiancé in Ukraine, her immigration status, the Haunted Mansion, television actors, or any other factual allegation in Plaintiff's complaint relates to his claims for "tortious interference with contract" and "tortious interference with business relations" against the Defendants.

While Plaintiff alleges diversity jurisdiction, the Complaint fails to allege the citizenship of any of the parties.[26]  To the extent that Plaintiff alleges federal question jurisdiction, he states no facts whatsoever to support his claims of a violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Protection Clause, the Due Process Clause, the Fourth Amendment, and the Privileges and Immunities Clause. Thus, Plaintiff fails in his burden to establish subject matter jurisdiction.[27]

---

[22] *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).
[23] 28 U.S.C. § 1915(e)(2).
[24] *Wesson*, 910 F.2d at 281.
[25] *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). *See Neitzke*, 490 U.S. at 330, n.9 (explaining that, "the liberal pleading standard of *Haines* applies only to a plaintiff's factual allegations. Responsive pleadings thus may be necessary for a *pro se* plaintiff to clarify his legal theories.").
[26] R. Doc. 1 at ¶ II.
[27] The Court declines to discuss the glaring issue of improper venue in this Order.

The Court recognizes that Plaintiff has filed hundreds of lawsuits in districts throughout the country.[28] The great majority of these cases have been dismissed for improper venue or failure to state a claim.[29] Additionally, "[d]ue to Plaintiff's 'extensive and abusive nationwide litigation practices . . . Plaintiff has been deemed a vexatious litigant or subjected to prefiling requirements in multiple districts across the country."[30] These voluminous pleadings take up considerable time and limited judicial resources which should appropriately be reserved to address and resolve claims which may have merit.[31] Plaintiff's claims do not fall into that category.

The Court further notes that Plaintiff has previously been warned by this court, less than one year ago, that further frivolous filings would result in him being prohibited from future filings in this court. Judge Vance warned Plaintiff:

> In this case alone, Emrit has already filed four frivolous pleadings—the complaint, a notice of appeal directed to a different court, a petition for involuntary bankruptcy, and a motion for default judgment—that lack any arguable basis in law or fact. The Court warns Emrit that further frivolous filings in this Court will result in the imposition of an injunction prohibiting him from making future filings without prior leave of the Court.[32]

---

[28] *See Emrit v. Central Intelligence Agency*, Civ. A. No. 3:22-CV-35, 2022 WL 1575999, at *1 (N.D.W. Va. Apr. 1, 2022) (Trumble, M.J.) *report and recommendation adopted*, Civ. A. No. 3:22-CV-35, 2022 WL 1573175 (N.D.W. Va. May 18, 2022) ("A well-documented 'serial *pro se* filer' since approximately 2013, Plaintiff Ronald Satish Emrit ('Plaintiff' or 'Emrit') has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii."); *Emrit v. Combs,* Civ. A. No. 1:24-cv-129, 2024 WL 1121579, at *1 (W.D. Mich. Feb. 12, 2024) (Berens, M.J.), *report and recommendation adopted*, Civ. A. No. 1:24-CV-129, 2024 WL 1115450 (W.D. Mich. Mar. 14, 2024) (same).
[29] *Emrit v. Central Intelligence Agency*, Civ. A. No. 3:22-CV-35, 2022 WL 1575999 at *1.
[30] *Id.* (quoting *Emrit v. Trump*, Civ. A. No. 1:19-CV-18, 2019 WL 140107, at *2 (S.D. Ohio Jan. 9, 2019) (Bowman, M.J.), *report and recommendation adopted*, Civ. A. No. 1:19-CV-18, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019)).
[31] By way of example, in the two cases which have been pending in this Court for less than three months, Emrit has filed numerous motions, often more than one a day. *See* Civ. A. No. 25-96-JCZ-KWR, *Emrit, et al. v. Musk, et al.* and Civ. A. No. 25-271-NBJ-DPC, *Emrit v. Musk, et al.* The motions include a Motion for Default Judgment, a Motion for Joinder, a Motion for Declaratory Judgment (*See* R. Docs. 12, 13, & 15 filed in Civ. A. No. 25-271-NBJ-DPC, *Emrit v. Musk, et al.*) and a Motion for Preliminary Injunction, a Motion for Summary Judgment, a Motion to Certify Class, a Motion to Subpoena Witnesses, a Motion to Compel, and a Motion for Recusal (*See* R. Docs. 11, 13, 14, 15, 16, & 18).
[32] *See Emrit v. Combs,* Civ. A. No. 24-372, 2024WL 5466073, at *3 (E.D. La. June 10, 2024) (Vance, J.).

Federal courts may refuse to entertain certain complaints or otherwise impose restrictions if the petitioner "has been guilty of flagrant misuse" or abuse of the judicial process.[33] The Court may impose onerous conditions "as long as they are designed to assist the district court in curbing the particular abusive behavior involved," and they do not "deny a litigant meaningful access to the courts."[34] The Court finds that a limited restriction, requiring Plaintiff to obtain leave of court before filing any further pleadings in this court, is appropriate.

Before dismissing Plaintiff's claims, however, the Court *sua sponte* considers whether to afford Plaintiff an opportunity to amend. Courts must "freely give leave [to amend] when justice so requires."[35] In exercising their discretion, courts consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[36] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[37] As discussed in detail above, such is the case here.[38]

Accordingly;

---

[33] *Howard v. King,* 707 F.2d 215, 221 (5th Cir. 1983) (citing authority). *See Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (citing authority).
[34] *Cotner,* 795 F.2d at 902 (quotation marks and quotation omitted). *See In re Martin-Trigona,* 737 F.2d 1254, 1261–62 (2d Cir. 1984) (affirming, in part, the district court's issuance of broad injunctive relief prohibiting a litigant from making further filings without first obtaining leave of court and from filing additional actions involving the same facts and parties when the party's filings were frivolous, voluminous, time-consuming, and used for harassment).
[35] FED. R. CIV. P. 15(a).
[36] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[37] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).
[38] Further, Plaintiff's bad faith in repeatedly filing hundreds of frivolous lawsuits supports declining leave to amend.

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs[39] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint[40] is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED** that the Clerk of Court for the United States District Court for the Eastern District of Louisiana shall refuse any filing of a petition or complaint, motion, or other pleading that is accompanied by an application for leave to file or proceed *in forma pauperis* by Ronald Satish Emrit, except for pleadings that contain allegations of constitutional deprivation by reason of physical harm or threats to Satish's person.[41]

**New Orleans, Louisiana, this 21st day of April, 2025.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[39] R. Doc. 2.
[40] R. Doc. 1.
[41] *See Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981).